HOVAS *v.* STATE.

(Division A.   Oct. 19, 1942.)

[10 So. (2d) 103.   No. 34853.]

A. A. Cohn, of Brookhaven, and J. W. Cassedy, of Jackson, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Smith, C. J., delivered the opinion of the court.

This appeal is from a conviction of manslaughter and on the evidence the guilt vel non of the appellant was for the determination of the jury. It will not be necessary for us to consider the appellant's complaints of

several of the state's instructions for the error said to appear therein will probably be avoided by the District Attorney on the next trial hereof, which we must award for another reason.

The trial lasted several days and the bailiffs in charge of the jury without permission of the trial judge several times erroneously permitted communication between some of the jurors and third persons, but none of the appellant's complaints thereat quite justify the setting aside of the verdict.

The case was being tried for the second time, the jurors having failed to agree on a verdict on the first, resulting in a mistrial. On this trial the evidence was concluded sometime Friday, but the arguments of counsel were not made until the next day and the jury agreed on its verdict sometime Sunday. One of the bailiffs testified that on Friday night he and the juror Boyt were together by themselves for some time in the courtroom around eleven o'clock after the other jurors had gone to bed, that they did not discuss the case on trial but did discuss other cases, particularly the Fugler homicide case, in which the bailiff had been one of the jurors and with which Boyt was familiar. He told Boyt that he "wanted to vote guilty of murder and all the balance wanted manslaughter" and that he "came over to the rest and voted manslaughter." When asked if he did not know that Boyt was voting for acquittal in the Hovas case, he answered "No." The following questions and answers appear:

"Q. Hard to make up his mind? A. That is the only thing I ever heard Essie Boyt say about this case.

"Q. You discussed it that much? A. I said that I didn't discuss it with him. He said that much.

"Q. And you told him you came over to the 11 in the Fugler case? A. Yes.

"Q. And then you left it up to him what he ought to do in this case? A. That was Friday night."

The appellant then offered to prove by the juror Boyt that during the trial and while the jury was deliberating on its verdict, the bailiff, whose testimony has just been quoted, discussed the facts of the case with him, but was not permitted by the court so to do. It will not be necessary for us to consider this ruling for the verdict cannot be permitted to stand in the face of the conversation which the bailiff admitted having with the juror, who then evidently had begun to consider for himself what his verdict should be and its tendency was to create in his mind an idea that it might be his duty to defer to the judgment of a majority of his fellow jurors in reaching a verdict in the case he was then considering.

Reversed and remanded.